UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY TWITTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV41 FRB |
| ) | |
| JOHN D. BEGER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1140732), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.35. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $91.77, and an average monthly balance of $32.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.35, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

    To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: John D. Beger (Prosecutor); Kristopher D. Crews (Prosecutor); Kenneth Gordon (Prosecutor); Sue Brown (Circuit Clerk); and Brian Woolley (Public Defender).

In a suit for monetary damages and injunctive relief, plaintiff alleges civil rights violations that purportedly occurred during a criminal matter prosecuted in Phelps County Circuit Court beginning in July of 2005.  Specifically, plaintiff complains that the defendant Phelps County prosecutors filed an Information and charged him with domestic assault in July of 2005 "without any factual evidence and without the proper due process of law being applied to this charge."  Plaintiff alleges other representations to, and filings with, the Court as a basis for his § 1983 claims against the Phelps County prosecutors, including requesting an arrest warrant, arraigning plaintiff, and two days later dismissing the assault charges against plaintiff.  In culmination, plaintiff asserts that the defendant prosecutors had him falsely imprisoned in the Phelps County Jail from September 21, 2005 to September 23, 2005.

Plaintiff further alleges that defendant Brown, Circuit Clerk of Phelps County, "caused [him] to be subject to malicious prosecution" when she, in her capacity as

Court Clerk, accepted documents from the defendant prosecutors related to the criminal case filed against plaintiff in 2005.

Plaintiff further believes that defendant Brian Woolley, the public defender he claims was assigned to take his January 2006 failure to pay child support case, violated his rights by allowing the "wrongful proceedings to continue."

## Discussion

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.  Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).  All of plaintiff's claims involve events that occurred more than five years prior to the filing of the present action on January 8, 2012.  As such, they are time-barred and subject to dismissal.

Even if plaintiff had filed this action in a timely manner, his allegations against the defendant prosecutors would be considered legally frivolous.  Where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity."  Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Similarly, plaintiff's allegations against defendant Brown, the County Clerk, are also frivolous as plaintiff has failed to allege a plausible claim for relief under § 1983.  Iqbal, 129 S.Ct. at 1950-51.  In order to establish a prima facie case under 42 U.S.C.

§ 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Read together, plaintiff's allegations against defendant Brown show nothing more than her acting properly, in her official capacity as County Clerk. Plaintiff's conclusory statements insisting that defendant Brown violated his Constitutional rights by filing Court documents she was tasked with filing fail to establish a constitutional violation.

Lastly, even if plaintiff's claims were considered timely, his action against defendant Woolley would also be subject to dismissal. "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). As such, defendant Woolley could not be held liable under § 1983 for the allegations attributed to him in the complaint.

As plaintiff's allegations are time-barred and frivolous, the Court finds it unnecessary to appoint an attorney in this matter. As such, plaintiff's motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $18.35 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is time-barred.  In addition, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Phelps County Prosecutors' Motion to Dismiss is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>14th</u> day of February, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE